STATE of Missouri, Plaintiff-Respondent,

v.

James Marvin FIELDS, Defendant-Appellant.

No. 10146.

Missouri Court of Appeals, Springfield District.

March 1, 1977.

Motion for Rehearing or Transfer Denied March 11, 1977.

Application to Transfer Denied April 11, 1977.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Loren R. Honecker, Springfield, for defendant-appellant.

PER CURIAM.

Defendant James Marvin Fields, a self-styled professional burglar, was convicted of second degree burglary by a Greene County jury and sentenced as a habitual criminal by the trial court to a term of ten years imprisonment. We affirm.

A Springfield dwelling was forcibly entered during the nighttime. The intruder triggered a silent alarm system which summoned friends of the absent owner and policemen. A few minutes later the defendant was found hiding in a stream of water which flowed beneath the house.

We have reviewed the trial transcript and the briefs of the parties. The trial court suppressed an oral statement allegedly made by the defendant to the police at the scene of his arrest. We find no error in its refusal to declare a mistrial because of the state's previous nondisclosure of the purported statement. The sanction of exclusion of the alleged statement comports with Rule 25.45, V.A.M.R., and the denial of a mistrial did not constitute an abuse of discretion by the trial judge.

Defendant's second and third points are also without merit. He complains the court erred in denying him state assistance in securing witness DeCamp's presence at the trial and in denying him a continuance to enable DeCamp to appear and testify. The state was under no obligation to pay the expenses of DeCamp, a prisoner in a West Virginia penal institution, and defendant's application for a continuance failed to comply with Rule 25.08, V.A.M.R. By agreement the defendant was permitted to read the statement of DeCamp to the jury. DeCamp's testimony, thus received, was merely cumulative to that of defendant and other defense witnesses as to his physical and mental condition prior to the burglary.

There is substantial evidence to support the verdict and no error of law appears. An opinion would have no precedential value.

The judgment is affirmed pursuant to Rule 84.16(b), V.A.M.R.

All concur.